UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALDER GROUP, INC.,
as Plan Administrator for, and on behalf of, the
ALDER EMPLOYEES PENSION PLAN,,
        Plaintiff,

     v.                                 Case No. 06C0262

JPMORGAN CHASE & CO. and BANK ONE
TRUST COMPANY, N.A.,
        Respondent.

## DECISION AND ORDER

On June 6, 2006, plaintiff Alder Group Inc. filed a motion pursuant to Civil L. R. 7.4 for judicial reassignment of this matter to Judge David Herndon as a related matter under Civil L.R. 3.1(c). The Rule provides for assignment of pending related matters to the same judge when the cases "(i) arise from substantially the same transaction or events; (ii) involve substantially the same parties or property; or (iii) involve the same patent, trademark or copyright." Civil L.R. 3.1(c). Plaintiff contends that this matter is substantially related to <u>Trustees of the Alder Employee Pension v. Bank One Trust Co.</u>, No. 01-C-1119 (E.D. Wis.), a matter presently before Judge Herndon. Although after reviewing the pleadings I concur with plaintiff that the matters are substantially related and would normally be ripe for reassignment, Judge Herndon sits in this district on the related matter by designation, and therein lies the fly in the ointment.

Under 28 U.S.C. § 296(b) "[t]he chief judge of a circuit or the circuit justice may, in the public interest, designate and assign temporarily any circuit judge within the circuit, including a judge designated and assigned to temporary duty therein, to hold a district court

in any district within the circle." After designation and assignment a judge may "notwithstanding his absence from such district or circuit or the expiration of the period of his designation and assignment, decide or join in the decision and final disposition of all matters submitted to him during such period and in the consideration and disposition of applications for rehearing or further proceedings in such matters." § 296. However, the Supreme Court has made clear that § 296 does not provide a judge with the authority to entertain a case to which his temporary assignment does not extend, even if the matters are related. Frad v. Kelly, 302 U.S. 312, 317 (1937) (noting that "no authority is given to hear a new matter even though that new matter may arise in the same case"). Further, as plaintiff noted, 28 U.S.C. § 1404(a) does not authorize transfer to Judge Herndon in the Southern District of Illinois. Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960) (noting that "the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one is which the action 'might have been brought' by the plaintiff."). Thus, I will deny plaintiff's motion.

Therefore,

**IT IS ORDERED** that plaintiff's motion to transfer the present matter to Judge David Herndon is **DENIED**.

Dated at Milwaukee, Wisconsin this 20 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge

2